**Asha Mohammed ALI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74010.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.*

Decided April 28, 2004.

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

Bernadette Connolly, San Jose, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Ernesto H. Molina, Jr., Elise M. Faber, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: MAGILL,** TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Petitioner Asha Mohammed Ali ("Ali") appeals the Board of Immigration Appeals' ("BIA's") order denying her application for asylum, for withholding of removal, and for relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

** Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because the parties are familiar with the facts, we do not repeat them here.

We review the BIA's findings for support by substantial evidence. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). The BIA's decision must be upheld unless the evidence would compel any reasonable adjudicator to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B). In cases, such as this one, where the BIA affirms the Immigration Judge's ("IJ's") decision without issuing an opinion, we review the IJ's decision directly under the same standard. *He v. Ashcroft*, 328 F.3d 593, 595–96 (9th Cir.2003).

The IJ denied Ali's application on the basis of an adverse credibility determination. Under the substantial evidence standard, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994).

 We hold that the IJ's credibility determination was amply supported. The IJ found that Ali "did not provide testimony that is believable, consistent and sufficiently detailed to provide a plausible and coherent account of the bases for her fear." The IJ had several good reasons for not believing Ali's claims of past persecution. Ali claimed her family was targeted for violence in 1990 and 1991 by members of the United Somali Congress ("USC") because her father held a leadership role under the regime of the former ruler, Siad Barre. But her claims were inconsistent at various points. In an interview two days after her detention at San Ysidro, Ali denied having any fear of mistreatment if she were returned to Somalia. Just two weeks later, she claimed in another interview to fear returning home because her father, brother, and sister were killed by members of the USC. Her father

was a target, she testified, because he was a member of the presidential police and worked closely with the vice president in the Siad Barre regime. By the time Ali testified before the Immigration Court, her story had changed substantially. At the hearing she claimed her father had been an army captain, not a police captain, and that he had not been murdered, but rather was living in Ethiopia.

Additionally, Ali's testimony at the hearing was not internally consistent at important points. She stated that her two brothers and her sister were all killed in her presence. Later, she changed her story about her first brother, claiming he had been killed elsewhere. On direct examination—as in her previous interviews—Ali based her claims of fear on two instances of harassment, one on December 25, 1990, and another on April 28, 1991. Only on cross-examination did she indicate her family had been subject to repeated harassing visits by the USC. Even then the details were sketchy, despite her claim that the assaults occurred roughly once a week. This evidence meets the substantial evidence standard and warrants upholding the IJ's determination that Ali was not credible regarding her story of past persecution.

Finally, Ali failed to provide corroboration for any part of her story. In *Sidhu v. INS*, we held that "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." 220 F.3d 1085, 1092 (9th Cir. 2000). Ali admitted that she did not seek corroboration of any of her claims. She did not attempt to obtain documents showing her time of residence in a refugee camp in Kenya. She did not attempt to

contact any family members, though family contacts allowed her to reach the United States from Kenya.

We recognize that refugees frequently do not have ready access to corroborative evidence. We allow for that problem by giving asylum applicants an opportunity to explain why they could not obtain any readily available corroborating evidence. *Id.* Ali's explanations, where she gave any at all, were not themselves believable. Ali did not produce any documentation regarding her stay in a Kenyan refugee camp, nor did she attempt to explain this failure. Though Ali claimed that she managed to fund her trip from Kenya to the United States by contacting an uncle in Saudi Arabia, who provided three thousand dollars, she claimed that contacting him again to provide corroborating evidence was too much of a burden. First, she claimed that she did not have enough money to contact her uncle or anyone else who might aid her cause. Second, she claimed that she did not know the addresses of anyone in her family. The IJ found these claims incredible because Ali had managed to house and feed herself in the United States, and also because she faced no similar difficulty in contacting her uncle from Kenya, where she claimed to have been in poor financial stead. These adverse credibility determinations also are supported by substantial evidence and merit affirmance of the IJ decision.

■ To prevail on her application for withholding of removal, Ali must prove that her "life or freedom would be threatened in [Somalia] because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). As with the asylum statute, Ali may establish entitlement to withholding of removal by testimony alone. 8 C.F.R. § 208.16(b); *Molina–Estrada v. INS*, 293 F.3d 1089, 1094 (9th

Cir.2002). Proof of past persecution establishes a presumption that her life or freedom would be threatened by removal. 8 C.F.R. § 208.16(b)(1)(i); *Molina–Estrada*, 293 F.3d at 1094. Ali's application for withholding of removal fails for the same reasons her application for asylum fails: she based her application on her testimony alone, and her testimony was not credible. Since we hold that substantial evidence supports the IJ's credibility determination, we agree that Ali has not met her burden of proof on her withholding of removal application.

■ Because she did not establish past persecution, to obtain relief under the Convention Against Torture, Ali was required to show "it is more likely than not that . . . she would be tortured if removed to [Somalia]." 8 C.F.R. § 208.16(c)(2). The only evidence she presented on this point was her testimony that she and members of her family suffered rape, murder, and other abuse at the hands of the USC. The IJ found the testimony regarding past persecution lacking in credibility, a determination that we hold is supported by substantial evidence in the record. Accordingly, we affirm the IJ's denial of relief under the Convention.

Ali also argues that our recent opinion in *Yusuf Ali v. Ashcroft*, upholding an order enjoining removal of a class of persons to Somalia, establishes that Ali has a well-founded fear of future persecution. 346 F.3d 873 (9th Cir.2003). The district court for the Western District of Washington certified a nationwide class of "persons in the United States who are subject to orders of removal . . . to Somalia that are either final or that one or more of Respondents believe to be final." *Yusuf Ali v. Ashcroft*, 213 F.R.D. 390, 396 (W.D.Wa. 2003). Ali argues that this court's affirmance of that injunction establishes legitimate fear because it embodies an accep-

tance of the *Yusuf Ali* petitioners' claim that they would be subjected to "great risk of robbery, enslavement, injury or death" upon removal. *See Yusuf Ali,* 346 F.3d at 877. Ali's argument fails because she misconstrues the ground for decision in *Yusuf Ali.* The district court and this court ruled only that the Attorney General may not, under the applicable statute, remove an alien without the acceptance of a receiving nation. *Id.* at 886. Since Somalia has no functioning government, it cannot accept removal. *Id.* Neither court made any determination regarding what danger, if any, a person removed to Somalia might face. Ali's argument is without merit.

Accordingly, the record does not compel a contrary result regarding Ali's credibility.

PETITION DENIED.